IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN CHARLES, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UPS NATIONAL LONG TERM | : | No. 12-06223 |
| DISABILITY PLAN, ET AL., | : | |
| Defendants. | : | |

# M E M O R A N D U M

**Stengel, J.**                                                                                             **November 19, 2013**

This case involves a challenge to a long-term disability benefits denial by an ERISA-covered employee benefits plan. Currently before the court is Defendant Aetna Life Insurance Company's motion to limit discovery and/or quash the notice of deposition of an employee of Aetna. For the foregoing reasons, I will deny this motion and allow the deposition to be taken.

## I.     BACKGROUND[1]

Plaintiff Marvin Charles, a former employee of UPS, had become partially disabled as a result of partial complex seizure disorder; he was receiving benefits from the UPS National Long Term Disability (LTD) Plan, while still working part-time at UPS. Subsequently, the defendants determined that the plaintiff could work at a

---

[1] This information is taken from the filed documents in this case and the information provided by the parties in this discovery dispute, not from the administrative record. The administrative record has not been made a part of the record at this time. See also Compl. at ¶ 22-23 (explaining that the plaintiff has requested the claim file but has not received it).

reasonable occupation and terminated his disability benefits.[2] After exhausting his administrative remedies, the plaintiff commenced this action in the Court of Common Pleas of Lancaster County, Pennsylvania on October 15, 2012.[3] On November 5, 2012, the defendants removed this action to this court, invoking federal question jurisdiction under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(e).

Defendant UPS National Long-Term Disability (LTD) Plan is administered by UPS, while Defendant Aetna is the insurer of the UPS LTD Plan which also handles claim determination for the plan. The plaintiff alleges that Aetna erred in its determination that the plaintiff failed to provide medical evidence to substantiate the part-time restrictions imposed by the plaintiff's primary care physician as part of his long-term disability claim.

On September 13, 2013, the plaintiff served the defendants with a Notice of Deposition of Danielle Caldwell, a Senior Appeal Specialist for Aetna who authored the plaintiff's original decision to terminate his benefits.[4] In response, Aetna filed this motion

---

[2] See Compl. (Doc. No. 1 at 13-19) at ¶ 5-7, 11-19.

[3] The plaintiff's benefits were terminated as of February 18, 2012. The plaintiff appealed the termination of benefits on March 1, 2012 which was denied by Aetna on September 5, 2012. Compl. at ¶¶ 15, 20-21.

[4] In the Notice of Deposition, the plaintiff identified the following five areas of inquiry:
1. The failure of Aetna to give the restrictions from plaintiff's treating doctors to the vocational consultant;
2. The failure to decide the appeal in a timely manner;
3. The requirement of objective evidence of his disability to prove disability when such evidence is not required in the plan;
4. Aetna's reliance on a labor market survey that included jobs located in Philadelphia and New Jersey and identified occupations that the plaintiff did not have the experience to perform;
5. Aetna's reliance on a labor market survey that included jobs that involve the operation of heavy equipment and machinery where Aetna had previously found that the plaintiff was restricted from such duties.

See Notice of Deposition of Danielle Caldwell, Sept. 13, 2013, Doc. No. 22, at 11-14.

to quash the notice of deposition and/or for a protective order to limit the scope of discovery to the administrative record.[5]

## II. DISCUSSION

### a. Limits of Discovery

Federal Rule of Civil Procedure 26 establishes the scope of discovery and provides that "[u]nless otherwise limited by court order," parties may obtain discovery regarding any nonprivileged matter relevant to the party's claim or defense. Fed. R. Civ. P. 26(b)(1). The court may issue a protective order limiting discovery in order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).[6] Federal Rule of Civil Procedure 45(c) also permits the court to quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

### b. Limits of Discovery Under ERISA

---

[5] In April 2013, the plaintiff had served the defendants with a Notice of Deposition of Danielle Caldwell which did not specify the areas to be covered in that deposition. See Plaintiff's Notice of Deposition of Danielle Caldwell, April 29, 2013, Doc. No. 21, Ex. A. The plaintiff also moved for a determination of the standard of review at that time. Docs. No. 12 & 13. On May 16, 2013, I denied this motion without prejudice because the case had been stayed pending the resolution of a settlement conference held on July 22, 2013 in front of the Honorable Henry Perkin. Doc. No. 15.

On September 12, 2013, during a telephonic status conference of parties' counsel and this court, defense counsel expressed concern that the previously-served deposition was not limited to permissible discoverable topics, namely structural and procedural conflicts in the decision-making process. Subsequently, an Order was issued directing the plaintiff's counsel to issue a Notice of Deposition of Ms. Caldwell which specifically outlined areas of inquiry. Doc. No. 20. Pursuant to that Order, the defendants filed this motion to quash or request a protective order, which the plaintiff now opposes.

[6] Federal Rule of Civil Procedure 26, in relevant part, requires the court to limit if it determines that:
    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
    (iii) the burden or expense of the proposed discovery outweighs its likely benefit… .
Fed. R. Civ. P. 26(b)(2)(c).

The general rule in ERISA benefit determination challenges is that the court is limited to reviewing the record available to the plan administrator at the time the benefits determination was made.[7] See, e.g., Carney v. International Brotherhood of Elec. Workers, 66 F. App'x 381, 385 (3d Cir. 2003); Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997). However, a court may also "consider evidence of potential biases and conflicts of interest that is not found in the administrator's record." Howley v. Mellon Financial Corp., 625 F.3d 788, 793 (3d Cir. 2010)(quoting Kosiba v. Merck & Co., 384 F.3d 58, 67 n. 5 (3d Cir.2004))(quotation marks omitted).[8]

---

[7] This rule coincides with the more deferential arbitrary and capricious standard of review. "[A] denial of benefits challenged under [ERISA] § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). When an administrator or fiduciary is given discretion, the arbitrary and capricious or an abuse of discretion standard applies. See Mitchell v. Eastman Kodak Co., 113 F.3d 433, 437 (3d Cir. 1997); Estate of Schwing v. Lilly Health Plan, 562 F.3d 522, 525 (3d Cir. 2009). "Whether a plan administrator's exercise of power is mandatory or discretionary depends on the terms of the plan." Luby v. Teamsters Health, Welfare, and Pension Trust Funds, 944 F.2d 1176, 1180 (3d Cir.1991).

Both parties offer arguments in their briefs about what the appropriate standard of review should be in this case. Both point to language (or lack thereof) in what appears to be the Summary Plan Description to support their arguments. See Exhibit B-Part 2 at Aetna 770 ("Your Plan Administrator has determined that this information together with the information contained in your booklet-certificate is the Summary Plan Description required by ERISA."). However, the Summary Plan Description is not the terms of the plan nor is legally binding. See Cigna Corporation v. Amara, 131 S. Ct. 1866, 1878 (2011) ("For these reasons taken together we conclude that the summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B)."(emphasis in original)). This information would be found in the Plan Document itself, which does not appear to have been provided by the parties.

Given that it is not readily ascertainable from the current filings whether Aetna has properly been given discretion in making benefits determinations, I decline to rule on what the appropriate standard of review will be at this time. The question of which standard of review will be used has little bearing on the outcome of this dispute because the discovery being sought deals with potential conflicts of interest. Such discovery is permitted even under the more deferential arbitrary and capricious standard.

[8] Metropolitan Life Insurance v. Glenn held that an inherent conflict of interest would not change the standard of review from arbitrary and capricious to de novo; however, an administrator's conflict of interest is one factor of several that a court may consider when reviewing an administrator's decision, even under the arbitrary and capricious standard. 554 U.S. 105, 117 (2008). As the Third Circuit explained in Howley, allowing limited discovery into potential conflicts of interests is not contrary to the Supreme Court's ruling in Glenn. Howley, 625 F.3d at 794. Furthermore, Glenn explained that the extent to which a conflict of interest proves to be important depends on whether "the administrator has taken active steps to reduce potential bias and to promote accuracy, for

4

Aetna acknowledges that there is a presumed conflict of interest in that it insures the plan and also administers its claims.[9] See Defendants' Brief Supporting Its Motion to Quash, Doc. No. 21, at 7. Aetna argues that because the conflict is presumed no other discovery related to this issue is necessary.[10] This is not true. Even under the more deferential arbitrary and capricious standard, this court will still be required to determine how, if at all, this conflict may have affected the benefits determination in deciding whether the decision was an abuse of discretion. This information would not necessarily be apparent from the administrative record, as the plaintiff points out. See Howley v. Mellon Financial Corp., 625 F.3d 788, 793 (3d Cir. 2010) (citing Burke v. Pitney Bowes Inc. Long-Term Disability Plan, 544 F.3d 1016, 1028 (9th Cir. 2008) ("[T]he district court may consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest.") (internal quotation marks omitted))).

---

example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decision making irrespective of whom the inaccuracy benefits." Id. at 116. Information about whether the administrator has taken such steps would not necessarily be apparent from the administrative record.

[9] Where a defendant both evaluates claims for benefits and funds the benefits—as in this case with Aetna—there is a presumed conflict of interest. Metropolitan Life Insurance v. Glenn, 554 U.S. 105, 114-15 (2008); Estate of Schwing v. Lilly Health Plan, 562 F.3d 522, 525 (3d Cir. 2009).

[10] The defendant agrees that limited discovery regarding potential bias and conflicts is permissible but also argues that the deposition is not intended for this purpose. The September 13, 2013 Notice of Deposition seeks to inquire into potential procedural irregularities into the plaintiff's benefits determination, which may be outgrowths of this inherent structural conflict of interest. This information would be beyond the administrative record but is still relevant to this case. See, e.g., Bair v. Life Ins. Co. of N. Am., 263 F.R.D. 219, 226 (E.D.Pa. Nov. 20, 2009)(allowing the deposition of defendant's appeal claim manager regarding potential procedural conflicts); Heim v. Life Ins. Co. of N. Amer., No. Civ.A. 10-1567, 2010 WL 5300537, at *4 (E.D. Pa. Dec. 22, 2010)(allowing the deposition of an appeal claim manager regarding potential bias as a result of inherent conflict of interest); Security Mut. Life Ins. Of New York v. Joseph, No. CIV A 06-CV-4804, 2007 WL 1944345, at *9 (E.D. Pa. Jul. 2, 2007)(allowing limited discovery on the issue of conflict of interest).

Furthermore, while the standard of review may limit what the court may consider in making its decision, this does not necessarily mean the scope of discovery should be limited. Even if the court were only permitted to consider certain evidence in making its ultimate decision on the merits, discovery need not be limited to matters of admissible evidence but may also include that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As such, discovery rules should be construed liberally. See, e.g., Bair v. Life Insurance Company of North America, 263 F.R.D. 219, 224 (E.D.Pa. Nov. 20, 2009).

Given that the September 13, 2013 Notice of Deposition of Danielle Caldwell is limited to areas of inquiry related to potential bias and conflicts of interest which might have affected the outcome of the plaintiff's benefits determination, I find no basis for preventing Ms. Caldwell's deposition from going forward. Additionally, the defendant has also offered no evidence of "annoyance, embarrassment, oppression, or undue burden or expense" that would warrant a protective order. See Fed. R. Civ. P. 26(c).

### III. CONCLUSION

For the foregoing reasons, I will deny the defendants' motion to quash and/or request for protective order.

An appropriate Order follows.